# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                    **Case No. 07-C-694**
                              **(Criminal Case No. 02-Cr-75)**

**ZACHARY BARIAN,**

    Movant.

# DECISION AND ORDER

In November 2004, Movant Zachary Barian ("Barian") was convicted of conspiracy to distribute cocaine and cocaine base. The Court of Appeals for the Seventh Circuit affirmed the conviction in February 2007.

In July 2007, Barian filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, citing ineffective assistance of counsel. This Court denied that motion in February 2009. Barian appealed the denial of that § 2255 motion all the way to the United States Supreme Court, which denied his petition for certiorari review on November 2, 2010.

Pursuant to Fed. R. Civ. P. 60(b)(3), Barian motioned for reconsideration of this Court's February 2009 decision, citing fraud, misrepresentation or misconduct by an opposing party. (ECF No. 36.) On

May 23, 2011, the Court denied that motion as untimely (ECF No. 39) because it did not meet the requirement that it be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This matter is back before the Court on Barian's motion for reconsideration and for an evidentiary hearing (ECF No. 41) on the Rule 60(b)(3) motion that the Court denied in 2011.

## Rule 59(e) Motion

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805, 813 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.*

Barian states that he attempted to file his Rule 60(b)(3) motion prior to the actual filing date of September 30, 2010, pointing out its April 26, 2010, notarization date and the certificate of service which he states reads May 7, 2010. (Mot. Reconsideration 3, 4, 6.)[1] He further states that by

---

[1] These same facts are included in the affidavit Barian filed with his Rule 60(b)(3) motion. (ECF No. 37.)

means of a September 7, 2010, phone call with the Clerk of Court's Office he learned the motion had not been received, so he sent the motion to the Court by certified mail. He also states that the Court's judgment on the § 2255 motion was not final until November 2, 2010, when the United States Supreme Court denied his petition for certiorari review.

Barian also calls the Court's attention to *In re Golf 255, Inc.,* 652 F.3d 806, 809 (7th Cir. 2011), reasserts his contention that the adverse judgment against him in the § 2255 action was procured by fraudulent affidavits, and maintains that the Court should conduct an evidentiary hearing with regard to that issue, citing a 2011 decision in *United States v. Baptista.*[2] (Mot. Reconsideration 10.)

Because Barian's motion for reconsideration and an evidentiary hearing was filed within 28 days of the Court's May 23, 2011, decision and can be construed as asserting that the denial of his Rule 60(b) motion was a manifest error of law or fact, the Court considers Barian's motion as a Rule 59(e) motion. *Banks v. Chi. Bd. of Educ.,* 750 F.3d 663, 666-67 (7th Cir. 2014).

---

[2] Barian provides a partial LEXIS citation to the 2011 *Baptista* decision of a district court within the Ninth Circuit. The complete cite is: No. CR 10-0050 PJH, 2011 U.S. Dist. LEXIS 22300, at *21 (N.D. Cal. Feb. 23, 2011). The decision is also available on the public access to court electronic records ("PACER") service, *United States v. Baptista,* No. CR 10-0050 PJH, (N.D. Cal.), (ECF No. 101), which at pages 11-12 contains the passage upon which Barian relies. https://www.pacer.gov (last visited November 25, 2014).

A review of the Court's May 23, 2011, Decision and Order reveals that the decision incorrectly states Barian's 60(b) motion was filed on November 26, 2010. However, as previously noted, it was filed on September 30, 2010. The Court's decision was premised on a mistake of fact. Thus, Barian's Rule 60(b) motion was timely filed within one year of the Supreme Court's denial of certiorari review. Therefore, Barian's Rule 59(e) motion is granted. The Court vacates its May 23, 2011, Decision and Order and will reconsider Barian's Rule 60(b) motion.

## Rule 60(b) Motion

Barian's Rule 60(b) motion (ECF No. 36) based on fraud is premised on the alleged falsity of the affidavits of prosecutor Daniel Sanders ("Sanders") and Barian's trial counsel, Dennis Coffey ("Coffey"). (ECF Nos. 5-1, 5-2.) The Court relied upon those affidavits when denying the ineffective assistance of counsel claim in Barian's § 2255 motion. The Court held:

> Barian claims that the government failed to disclose in discovery copies of the Court orders authorizing wire tap recordings, which were later used at trial. Barian contends his trial counsel was ineffective for failing to challenge this alleged lack of disclosure by the government. In its Response, the government provided two affidavits

> from Barian's trial counsel and the prosecutor in the case, Exhibits 1 and 2 respectively. The affidavits establish that copies of Title III authorization documents were disclosed early in the prosecution. Barian's contention is factually inaccurate and consequently, frivolous.

(Court's Feb. 9, 2009, Decision and Order, 10.) (ECF No. 8.)

"If later developments show that the court has been deceived, a district judge has discretion to reopen the proceedings under Fed. R. Civ. P. 60(b)(3) if fraud on the court is uncovered within a year, or 60(b)(6) if information discovered later makes it inequitable to allow the judgment to stand. Indeed, Rule 60(d)(3) provides that every district court is entitled, independent of Rule 60(b), to 'set aside a judgment for fraud on the court' no matter when the fraud comes to light. Although simple perjury does not allow relief under Rule 60(d)(3), . . . a cooperative endeavor by multiple police officers and their lawyers to suppress the truth might do so; that we need not decide." *Moore v. Burge,* No. 13-3301, 2014 WL 5870675, at *4 (7th Cir. Nov. 13, 2014).

Barian claims that the Sanders and Coffey affidavits are "patently false," relying on documents he filed with the United States Department of Justice Office of Professional Responsibility. (*See* ECF No. 36-1.) He highlights minutes of a November 7, 2007 hearing that state: "Court

addresses discovery—re any problems with copies. Atty. Coffey states his client has not has access to some discovery. AUSA Frohling to check w/USMS [United States Marshal's Service] re: availability of materials & various equipment . . . Title III motions 2/17/03; 2/28/03, 3/7/03." (*Id.* at 13.) He also points to an August 5, 2003, Response to Inmate Request Slip from Barian "We do not have any tapes or CD's." (*Id.* at 15.)[3]

At sentencing Coffey stated, "Mr. Barian has issues with the Government in the production of discovery. He has issues with me about the time spent, or not spent with him, . . . But, in the long run, Judge, Mr. Barian went to trial in his case not to be a jerk . . . but he went to trial because he believed that some of things that were being said about him weren't accurate." (Feb. 15, 2005, Sentencing Tr. at 23-24.) (02-Cr-75, Docket No. 1126.) Barian interprets this as validating his complaints about the accessibility of discovery, but from the context the Court interprets the statement as Coffey relating Barian's perceptions and beliefs to the Court.

At sentencing Barian also complained about limited time to review discovery and not being given a disc of his cell phone conversations or the

---

[3] Barian also cites a March 2005 inmate request slip. (ECF No. 36-1 at 16.) However, that slip post-dates Barian's October-November 2004 trial and his February 2005 sentencing.

applications or order from the wiretap. (*Id*. at 26-28, 31, 32, 34.) Sanders addressed Barian's comments, stating that there were "numerous discovery orders limiting the dissemination of discovery. . . ." (*Id*. at 42.) He also stated there was a specific history with jailhouse settings and discovery ending up all over pods and cells, noting the issue had been addressed by an order of the magistrate judge and that the Government was abiding by that disclosure order. (*See id*.)

Barian also asserts that Coffey's affidavit is false because it refers to a District Court order dated April 8, 2002. The record does not include any such order, however the docket entry in Barian's criminal case for April 25, 2002 states: "DISCOVERY: 2,500-3,000 documents. Video tapes, 24 casette [sic] tapes, telephone records, search warrants. *Protective order to be filed*. Copies of doc. to be provided to each facility where a deft. is housed. *Protective order to Court within 2-3 wks*." (Emphasis added.) (02-Cr-75, Docket No. 37.) Barian has not raised a factual dispute regarding the truthfulness of the Coffey and/or the Sanders affidavit. His motion is also distinguishable from the situation addressed in *Baptista* because in Barian's criminal case there were numerous protective orders prohibiting the dissemination of discovery, and Coffey was bound by the court orders.

Based on the foregoing, Barian's Rule 60(b) motion does not call into

question the Court's ruling on his § 2255 ineffective assistance of counsel claim. Therefore, his motion based on fraud and his request for an evidentiary hearing are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Barian's Rule 59(e) motion (ECF No. 41) is **GRANTED** to the extent that the Court's May 23, 2011, Decision and Order (ECF No. 39) denying his Rule 60(b) motion is **VACATED**; it is **DENIED** in all other respects; and,

Barian's Rule 60(b) motion (ECF No. 36) and his request for an evidentiary hearing are **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**