# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff-Appellee,

    **-vs-**                          **Case No. 07-C-694**
                                         **(Criminal Case No. 02-Cr-75)**
                                       **(USCA No. 15-1215)**

**ZACHARY BARIAN,**

        Movant-Appellant.

---

# DECISION AND ORDER

---

Movant-Appellant Zachary Barian ("Barian") has filed a notice of appeal (ECF No. 47) from the Court's January 6, 2015, Decision and Order (ECF No. 46) regarding his motion for relief pursuant to Fed. R. Civ. P. 60(b)(3). This matter is before the Court on Barian's motion for a reduced filing fee to be paid by a third-party family member who has a limited power of attorney. (ECF No. 48.) He has filed a "private affidavit of truth," and states that his motion is not a motion for leave to proceed *in forma pauperis* ("IFP")*,* citing *Smith v. Kingston,* 97-C-382, 2006 U.S. Dist. LEXIS 94312 (E.D. Wis. Dec. 31, 2006).

*Smith* is a decision on a motion for leave to proceed IFP allowing the petitioner to proceed with payment of a reduced appellate fee ($95.00) rather than the full $455 fee, based on the petitioner's "affidavit indicating his

financial assets, the nature of his appeal and the official statement of his institutional trust account for the preceding six months." *See id.* at *3. Thus, the Court considers Barian's motion as seeking permission to proceed IFP, which may include allowing him to pay a reduced filing fee. *See id.*

In order to proceed IFP on appeal, a movant must be unable to pay the required fees, 28 U.S.C. § 1915(a)(1), and the appeal must be taken in good faith, 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if the claim is objectively frivolous and no reasonable person could suppose that the appeal has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). District courts must not "apply an inappropriately high standard when making good faith determinations," and denial of a COA does not necessarily warrant denial of IFP status. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998).

Missing from Barian's filings are the forms: "prisoner's petition and affidavit to proceed without prepayment of fees and/or costs" and "authorization for release of institutional account information and payment of filing fee" as well as Barian's certified trust account statement which must be filed by the deadline set forth in this decision. Copies of the necessary forms will be forwarded to Barian with his copy of this decision.

Alternatively, if a family member wants to pay the fee on Barian's behalf, the person will need to pay the entire $455 fee to the Clerk of Court for the Eastern District of Wisconsin. If one or more family members want to

make a smaller amount of money available to Barian for the fee, Barian or his family should check with the Federal Bureau of Prisons ("BOP") to determine whether that is possible. (The BOP's website, www.bop.gov, explains that family members can send money, but it is not apparent whether those funds could be used to pay court fees.) If it is possible for a family member to make a deposit that could be used for court fees, any such deposit would be considered in determining Barian's ability to pay the entire $455.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Barian must complete and file the enclosed copies of the forms "prisoner's petition and affidavit to proceed without prepayment of fees and/or costs" and "authorization for release of institutional account information and payment of filing fee" **on or before March 2, 2015**.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**